(27 Misc. Rep. 498.)
                            CUFF v. HEINE.

                (Supreme Court, Appellate Term.   May 24, 1899.)

LLOYD'S INSURANCE — ACTION AGAINST UNDERWRITER — DEFENSES — FRAUD OF
    ATTORNEY.
        An underwriter of a Lloyd's policy, sued for his proportionate share of
    a judgment thereon against the attorney in fact for all the underwriters,
    in his answer set up, and on the trial offered to prove, that the attorney
    in fact had settled the loss with the owner of the policy, and had afterwards
    fraudulently permitted the judgment to be recovered, and procured an as-
    signment thereof to the plaintiff for his benefit.   The court excluded the
    evidence, and directed a verdict for plaintiff.   Held error.

    Appeal from city court of New York, general term.
    Action by Patrick Henry Cuff against Arnold B. Heine.   From a
judgment of the general term modifying and affirming a judgment for
plaintiff (56 N. Y. Supp. 393), defendant appeals.   Reversed.
    Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

    Stern & Rushmore, for appellant.
    Menken Bros., for respondent.

    FREEDMAN, P. J.   The facts upon which this action are based are
substantially as follows:   The defendant was one of 14 underwriters
in what is known as a "Lloyd's Association."   The general manager
and attorney in fact for the company was one Daniel Woodcock.   The
association issued a policy of insurance to the Brenack Paper Com-
pany in August, 1895, covering property to the amount of $2,500,
under which policy a total loss was sustained.   The Brenack Paper
Company was at that time composed of Richard Brenack and George
E. Callender.   Subsequently Callender made a general assignment
for the benefit of his creditors to one Alfred L. Squires, Jr., who duly
qualified.   Thereafter Brenack brought an action against Woodcock,
as attorney in fact, for the underwriters, upon the policy issued to the
Brenack Paper Company, and in that action made Callender and
Squires, as assignee, etc., parties defendant, they having refused to
join in such action as plaintiffs.   After that action was begun by
Brenack, and before judgment was obtained by him, Woodcock paid
to Brenack, or to his attorney in the action, the sum of $1,000, but
whether such sum was to apply upon, or be in full settlement and
satisfaction of, the claim does not appear.   Subsequently, however, a
judgment was entered in favor of Brenack and against Woodcock, upon
his failure to plead, for the sum of $2,500 and costs; that amount being
the full amount claimed under the policy of insurance.   That judg-
ment was thereafter assigned to this plaintiff, who thereupon brought
this action against the defendant to recover from him the full propor-
tionate share of his liability under the contract of insurance, and
claimed in the complaint to be the sum of $200.50.   The answer set
up as a defense that the plaintiff was not the real party in interest,
and further alleges, in substance, that the payment made by Wood-
cock of the sum of $1,050 aforesaid was made by him as attorney in
fact for all the underwriters aforesaid; that it was made in full set-

tlement and satisfaction of the claim; that the judgment afterwards entered against Woodcock was fraudulently and collusively obtained, and that the assignment to this plaintiff was in fact for the benefit of Woodcock. These matters the defendant endeavored to prove upon the trial, and for that purpose asked numerous questions of Woodcock, who was called as a witness by the plaintiff. The questions were material, and pertinent to the issues raised by the pleadings. To each question the plaintiff's counsel interposed an objection, which the court sustained, and the defendant excepted to the ruling. The defendant also called three witnesses, to each of whom similar questions were put, which were relevant and proper, all of which were excluded under the ruling of the court. Finally, a verdict was directed in favor of the plaintiff for the full amount of the claim. This was error. Woodcock was the attorney in fact for all the underwriters. The power of attorney given him by the defendant, and introduced in evidence by the plaintiff, gave him (Woodcock) power and authority to settle losses, and to compromise or defend any and all claims that might be brought against the association. This was also within the line of his duty as such attorney in fact, aside from any special authority conferred upon him. Whatever settlement or compromise or satisfaction of claims, if any, was made by him, was for the advantage and benefit of all the insurers. It is true, the general term of the city court modified the judgment of the lower court by requiring that the defendant's proportionate share of the $1,050 paid by Woodcock as hereinbefore stated should be deducted from the amount of the recovery in this action, but this fails to meet the requirements of this case. The issues framed by the pleadings were, and the testimony excluded by the court tended to prove, that Woodcock had fully settled, compromised, and satisfied the claim for which the action against him had been brought, and then had fraudulently permitted a judgment for the full amount to be entered against him; that the plaintiff was not the real party in interest; and that the assignment of the judgment to the plaintiff was in form merely, and to enable a recovery to be had against the underwriters of the whole amount claimed under the policy, or at least a greater proportionate share, of one or more of them, than such share would rightfully be if the claim had been extinguished by accord and satisfaction for less than the full amount. For these reasons the judgment must be reversed, and a new trial ordered. Under the circumstances, the other questions raised by appellant need not be considered.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.